**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4215**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JACOB IVAN HILL,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:06-cr-00118-FDW-CH-1)

Submitted: August 20, 2019                                          Decided:  October 16, 2019

Before GREGORY, Chief Judge, and MOTZ and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey William Gillette, GILLETTE LAW FIRM, PLLC, Franklin, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jacob Ivan Hill appeals the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but questioning whether the district court abused its discretion in revoking Hill's supervised release term or committed reversible sentencing error. Although advised of his right to do so, Hill has not filed a pro se supplemental brief. We affirm.

We review the district court's revocation of supervised release for abuse of discretion and the court's factual determinations underlying the conclusion that a violation occurred for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). Hill conceded the lone violation pursued in the revocation proceeding. We therefore discern no abuse of discretion in the revocation of Hill's term of supervised release.

Turning to Hill's sentence, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable where, as here, the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *see* 18 U.S.C.

2

§ 3583(e) (2012). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted). Only if a sentence is either procedurally or substantively unreasonable will we determine whether it is plainly so. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007). We conclude that the selected revocation sentence, which is within both the statutory maximum and the properly calculated policy statement range, is neither procedurally nor substantively unreasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and found no meritorious issues for appeal. We therefore affirm the revocation judgment. This court requires that counsel inform Hill, in writing, of the right to petition the Supreme Court of the United States for further review. If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hill. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*